IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | No. 4:02-cr-0266 |
| v. | : | Judge Jones |
| | : | |
| NORMAN HURD, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM AND ORDER

### June 2, 2005

## THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Pending before the Court is a Motion to Amend Criminal Judgment or, in the Alternative, for Declaratory Judgment filed by Defendant Norman Hurd. (Rec. Doc. 181). The United States filed a timely response and the Motion is ripe for our review. For the following reasons, the Motion shall be denied.

## PROCEDURAL HISTORY:

On October 21, 2003, Defendant pleaded guilty to conspiracy to commit a structuring violation in violation of 18 U.S.C. § 371. Subsequently, on April 28, 2004, we entered a judgment against the Defendant, sentencing him to: (a) three years probation, (b) a special assessment of $100, (c) supervised release, (d) a six month house arrest via an electronic monitoring device; and, (e) participation in

1

adult literacy classes.  (See Rec. Doc. 148).[1]

## DISCUSSION:

The question before the Court is whether the DNA Analysis Backlog

Elimination Act of 2000, 42 U.S.C. § 14135a (2000) as amended October 30, 2004

(the "DNA Act") permits the United States Probation Office ("Probation") to take

a DNA sample from Defendant.  In his Motion, Defendant argues that the DNA Act

should not apply to him because his conviction is not covered by the version of the

DNA Act that was law on the date judgment against him was entered.  We note at

the outset note that this Court has jurisdiction over Hurd's Motion because it

relates to one of the conditions of his supervised release.  See United States v.

Sczubelek, 402 F.3d 175, 176 (3d Cir. 2005).

The DNA Act states in part that "The probation office responsible for the

supervision under Federal law of an individual on probation, parole, or supervised

release shall collect a DNA sample from each such individual who is, or **has been,**

**convicted** of a qualifying Federal offense."  Id. at  § 13135(a)(2)(emphasis added).

The definition of a qualifying offense was amended on October 30, 2004 to

include, inter alia, "any felony."  Id. at § 13135(d)(1).

---

[1] Although the judgment we entered did not include a requirement that Hurd provide Probation
with a DNA sample, he does not appear to argue that the absence of the DNA test from the judgment
is dispositive of the Motion because our judgment was augmented by the DNA Act.

It is not disputed that Hurd has been convicted of a felony nor is there any question that he is "an individual on probation, parole, or supervised release." Id. at § 13135(a)(2). As noted however, Hurd argues that the felony to which he pleaded guilty was not covered by the version of the DNA Act in effect at the time the Court entered judgment against him and that the current version, as amended on October 30, 2004, should not be applied retroactively. While it is clear that the offense to which Hurd entered his plea was not a "qualified federal offense" on the plea date, which as aforestated was October 21, 2003, we do not agree with Defendant's argument that this fact alone controls our determination.

Both the original 2000 and the amended 2004 versions of the DNA Act expressly state that the DNA Act applies to individuals, such as Hurd, who have been convicted of a qualifying offense **before** the enactment of the DNA Act. In the case cited by Hurd, United States v. Cooper, we note that the Third Circuit explained the importance of giving meaning to every word of a statute so that none are rendered superfluous. 396 F.3d 308, 312 (quoting TRW Inc. v. Andrews, 534 U.S. 19, 31 (2001)). Hurd's argument that he is exempted from providing a sample because his conviction pre-dates the October 30, 2004 amendment renders the phrase "has been convicted" within § 13135(a)(2) of the DNA Act meaningless. See also Sczubelek, 402 F.3d at 175 (holding that the DNA Act applied to a

defendant convicted in 1994, long before the DNA Act was first enacted in 2000).

Finally, Hurd incorrectly cites to <u>Cooper</u>, for the proposition that the earlier less-inclusive pre-2004 amendment definition of "qualified offense" must be used by this Court.  The citation to <u>Cooper</u> is misguided because the Third Circuit's holding only applies to individuals who were asked to submit a DNA sample prior to October 30, 2004.  <u>See</u> <u>Cooper</u>, 396 F.3d 310 n.2 (As Judge Rosenn explained in a footnote, because, "Cooper ha[d] been ordered to submit her DNA sample **prior** to October 30, 2004, [the October 30, 2004] amendment does not affect the disposition of this case.")(emphasis added).  Here, however, it is apparent that the request from Probation for Hurd to give a DNA sample came **after** the revised DNA Act was enacted.  According to Hurd's Motion, the "United States Probation Office recently contacted the undersigned counsel for Hurd and stated ... that the amended DNA Act requires Hurd to provide a DNA sample."  (Rec. Doc. 181, Motion to Amend Criminal J. ¶ 8).  Although this "recent" request is not dated by Hurd, we do not believe that it came prior to October 30, 2004, since his Motion was filed on April 22, 2005.[2]

Clearly then, <u>Cooper</u> does not apply in situations, like Hurd's, where

-------

[2] We believe that Probation likely only sought DNA samples from individuals such as Hurd after it received the clear mandate from Congress' 2004 amendment to the DNA Act.

defendants are asked to submit a DNA sample after the October 30, 2004

regardless of the date of their conviction.  Put another way, to avoid being

pigeonholed by the holding in <u>Cooper</u>, Probation simply needed to ask defendants

previously convicted of a felony for a DNA sample after October 30, 2004.

Therefore, we find that Hurd's citation to <u>Cooper</u> is misguided.[3]

Accordingly, Hurd's Motion must be denied and Probation will thus be

permitted to take a DNA sample from him in accordance with the dictates of the

DNA Act.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1.     Defendant's Motion to Amend Criminal Judgment or, in the

       Alternative, for Declaratory Relief (Rec. Doc. 181) is DENIED.

2.     The United States Probation Office shall be permitted to extract a

       DNA sample from the Defendant pursuant to the DNA Analysis

---

[3] Hurd's Motion cites to the dissenting opinion of Judge McKee in <u>Cooper</u>, in support of his additional contention that the DNA Act is unconstitutional; however, he acknowledges that he only does so simply to preserve this issue for subsequent proceedings.  Accordingly, we will not address the merits of this alternative argument other than to state that it is rejected by us. Hurd may desire to place himself at the vanguard of a constitutional challenge to the DNA Act as applied to those individuals convicted prior to October 30, 2004, and our decision will allow him to continue with this potentially Quixotic quest.

Backlog Elimination Act of 2000 codified at 42 U.S.C. § 14135 (as

amended October 30, 2004).


                                   s/ John E. Jones III

                                   John E. Jones III

                                   United States District Judge